UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ABE WILLIAMS, JR.,

    Petitioner,

    v.

EDDIE YLST, Warden,

    Respondent.

Case No. C 91-2589 JPV (PR)

**ORDER DENYING MOTION TO VACATE JUDGMENT**

Re: Dkt. No. 56

## INTRODUCTION

Abe Williams, Jr., a prisoner of the State of California currently incarcerated at Valley State Prison for Men, has filed a pro se "notice of motion and motion to vacate judgment, pursuant to F.R.C.P., Rule 60(b)(6)" relating to his 1991 habeas corpus petition challenging the constitutionality of his state conviction. The habeas petition was denied in 1992 by a former judge of this court, Judge John P. Vukasin. Petitioner's appeal to the United States Court of Appeals for the Ninth Circuit was denied in 1993. The instant motion was referred to the undersigned as general duty judge.

## BACKGROUND

Petitioner argued in his 1991 petition that he was involuntarily absented from a critical stage of his criminal trial. According to petitioner, at the end of the second day of jury deliberations, the jury foreman sent the trial judge a note asking for written instructions pertaining to three of the charges. The following day, the trial judge and prosecutor discussed what instructions to send and provided written instructions to the jury, all in petitioner's absence. Petitioner represented himself at his state criminal trial. He did, however, have stand-by counsel, who was present when the trial court gave the jury written copies of the instructions in petitioner's

1  absence and who did not object to the content or presentation of the written instructions.  (See
2  Docket No. 56-1 at 3.)  Petitioner claimed in his 1991 habeas petition in the instant action that the
3  proceedings held in his absence amounted to constitutional error under McKaskle v. Wiggins, 465
4  U.S. 168 (1984) (holding criminal defendant has right to present his defense pro se).  This court
5  denied the claim on the ground that any error was harmless under Chapman v. California, 386
6  U.S. 18, 22 (1967) (holding some constitutional errors in a conviction may be so unimportant and
7  insignificant that they may, consistent with the Constitution, be deemed harmless and will not
8  require automatic reversal of the conviction).  (See id. at 9.)

**DISCUSSION**

**I.   Standard of Review**

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion to vacate judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure.  Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Such a motion must be made within a "reasonable time," and as to grounds for relief (1)-(3), no later than one year after the judgment was entered.  See Fed. R. Civ. P. 60(c).

As noted above, petitioner seeks relief under Rule 60(b)(6).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  Samish Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (overruled on other grounds by United States v. Washington, 593 F.3d 790 (2010)).  "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  Id. (internal quotations omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion."  Id. (internal quotations omitted); see, e.g.,

2

id. at 1160-61. Mere dissatisfaction with the court's order or belief that the court is wrong in its decision is not adequate grounds for relief. Twentieth Century-Fox Film Corp v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

**II.     Prior Motion to Vacate**

Petitioner filed a prior pro se motion, in 2008, to vacate judgment in this action. (See Docket No. 34.) Therein, petitioner argued that this Court, by applying the Chapman harmless error standard, had applied the incorrect standard of review to his claim. Specifically, petitioner argued that in late February 2008, he became aware of legal and factual errors in the Court's 1992 decision in this matter after reading a recent legal decision of the Ninth Circuit, Frantz v. Haney, 533 F.3d 724 (9th Cir. 2008) (en banc). In Frantz, the Ninth Circuit held that review of a claim for interference with the right to self-representation for harmlessness was contrary to clearly established Supreme Court precedent holding that interference with the right amounted to structural error. See Frantz, 533 F.3d at 734. Frantz relied on language from McKaskle itself:

> By inquiring into prejudicial effect, the [state court] conducted harmless error review of Frantz's *McKaskle* claim. But, contrary to the state court's assumption, Supreme Court case law establishes unequivocally that a violation of the right to self-representation recognized in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is structural and thus is not susceptible to harmless error review. *See McKaskle*, 465 U.S. at 177 n. 8, 104 S.Ct. 944 ("Since the right of self-representation is a right that when exercised usually increases the likelihood of a trial outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis."); *see generally United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 2564, 165 L.Ed.2d 409 (2006) (surveying constitutional errors characterized as structural and not subject to harmless error analysis). Because the [state court] "applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases," *Price*, 538 U.S. at 640, 123 S.Ct. 1848 (internal quotation marks omitted), the § 2254(d)(1) standard for the grant of habeas relief is satisfied.

Frantz, 533 F.3d at 734-35 (footnote omitted).

Petitioner's 2008 motion to vacate judgment was denied by Judge Jeffrey White of this Court. (See Docket No. 41.) Judge White determined that petitioner's motion had "not been made in a 'reasonable time' as required under [Rule 60(c)]." (See id. at 3.) Judge White further determined that petitioner had not "established extraordinary circumstances which prevented him

1  from proceeding earlier; nor [had] he established circumstances that entitle him to the relief

2  available under Rule 60(b)."  (See id.)

### III. Instant Motion to Vacate

In the instant motion to vacate, petitioner raises the same arguments, namely that Judge Vukasin applied the wrong standard of review in denying his McKaskle claim.  Petitioner argues that extraordinary circumstances prevented him from proceeding earlier insofar as his state appellate counsel failed to argue the correct standard of review on direct appeal.  Specifically, petitioner argues:

> On direct appeal, appointed counsel raised the pro per absented at trial claim; however, counsel failed to argue this error was "structural" or that the trial court had engaged in misconduct of a prejudicial nature.  As a result of appellate counsel's ineffective assistance, petitioner's conviction was affirmed and the appellate court applied the Chapman harmless error standard of review to the absenting pro per claim, finding error but holding it was harmless.

(Docket No. 56 at 8.)  The Court understands petitioner to be arguing that he did not file a motion to vacate judgment earlier because he relied on either (1) appellate counsel's argument that the McKaskle claim was subject to harmless error analysis or (2) Judge Vukasin's finding that the McKaskle claim was subject to harmless error analysis, which petitioner attributes to counsel's failure to argue that the error was structural.  Petitioner argues that counsel's purported error is sufficient to establish cause sufficient to excuse his procedural default.  Petitioner relies on Martinez v. Ryan, 132 S. Ct. 1309 (2012) and Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013), both of which address whether ineffective assistance of post-conviction counsel may constitute cause for procedural default in habeas actions.  In using the term "procedural default," the Court understands petitioner to be referring to his failure to bring a motion to vacate in a reasonable time, as found by Judge White.

Petitioner's reliance on Martinez and Nguyen is unavailing.  In Martinez, the Supreme Court addressed whether ineffective post-conviction counsel in a collateral proceeding could constitute cause for a procedural default in federal habeas proceedings.  132 S. Ct. at 1315.  Procedural default dealt with therein is the doctrine "under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the

4

1  prisoner failed to abide by a state procedural rule." Id. at 1316 (citing Coleman v. Thompson, 501
2  U.S. 722, 747-48 (1991)).

3        This differs from "procedural default" as petitioner uses the term, i.e., failure to bring a
4  motion to vacate in a reasonable time as required by Rule 60(b). In Martinez, an Arizona prisoner,
5  whose post-conviction relief counsel did not raise any ineffective assistance of counsel claim in
6  the first collateral proceeding, argued that his post-conviction relief counsel's ineffectiveness
7  caused his procedural default as to the ineffective assistance of counsel claim. The Court
8  considered "whether ineffective assistance in an initial-review collateral proceeding on a claim of
9  ineffective assistance at trial may provide cause for a procedural default in a federal habeas
10 proceeding." 132 S.Ct. at 1315. Such an approach had been presumed barred by Coleman, which
11 held that a post-conviction relief lawyer's negligence does not qualify as cause because the lawyer
12 is the prisoner's agent. Martinez limits the Coleman rule "by recognizing a narrow exception:
13 Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a
14 prisoner's procedural default of a claim of ineffective assistance at trial." Id. The Court defined
15 "initial-review collateral proceedings" as "collateral proceedings which provide the first occasion
16 to raise a claim of ineffective assistance at trial." See id. Nguyen v. Curry, 736 F.3d 1287, 1293-
17 95 (9th Cir. 2013) extended the holding in Martinez to apply to cases where the underlying
18 ineffective assistance of counsel is by appellate counsel rather than trial counsel.

19       In sum, Martinez and Nguyen addressed only whether ineffective assistance in an initial-
20 review collateral proceeding on a claim of ineffective assistance at trial (Martinez) or ineffective
21 assistance on appeal (Nguyen) may provide cause for a procedural default in a federal habeas
22 proceeding based on a failure to abide by state procedural rules. The cases do not address whether
23 appellate counsel's failure to argue the correct standard of review, as petitioner argues happened
24 here, constitutes cause for bringing an untimely motion to vacate judgment.

25       Procedural default aside, however, at the heart of petitioner's instant motion to vacate
26 judgment and prior motion to vacate judgment is the argument that Judge Vukasin, in denying
27 petitioner's 1991 habeas petition in this action, did not apply the correct standard of review to his
28 McKaskle claim. The Court need not determine whether the argument has merit because it is

compelled to find, for the same reasons given by Judge White in denying petitioner's prior motion to vacate judgment, that the instant motion has not been made in a "reasonable time" as required under Rule 60(c).  The petition was denied by this court on July 1, 1992.  Petitioner brought his first motion to vacate in April 2008, more than fifteen years after judgment, and the instant motion to vacate in March 2014, more than twenty-one years after judgment.  Petitioner relies on the 2008 case of Frantz v. Haney, 533 F.3d 724, which as discussed above, held that a state trial court applied the wrong standard of review to a McKaskle claim.  As discussed in Frantz, however, the correct standard of review, i.e., structural error, comes from McKaskle itself, a 1984 Supreme Court case.  As such, Frantz did not mark an intervening change in law such as might constitute extraordinary circumstances justifying relief under Rule 60(b).  Cf Phelps v. Alameida, 569 F.3d 1120, 1135-40 (9th Cir. 2009) (extraordinary circumstances existed to entitle petitioner to relief from dismissal of his habeas petition based on intervening change in law governing timeliness of petition).  Nor do Martinez and Nguyen support petitioner's position that extraordinary circumstances prevented him from proceeding earlier.  Nor has petitioner established any other circumstances that entitle him to the relief available under Rule 60(b).

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate judgment is DENIED.

This Order terminates Docket No. 56.

**IT IS SO ORDERED.**

Dated:  April 17, 2014

_____
JON S. TIGAR
United States District Judge